UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DWAYNE J. HILL** | **CIVIL ACTION NO. 3:14-cv-3342** |
| **LA. DOC #294586** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BURL CAIN, WARDEN LOUISIANA** | |
| **STATE PENITENTIARY** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Dwayne J. Hill, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 26, 2014. He simultaneously filed an Application for Leave to File a Second or Successive Habeas Petition Pursuant to 28 U.S.C. §2244(b) in the United States Fifth Circuit Court of Appeals. *In re: Dwayne J. Hill*, No. 14-31343.

*Statement of the Case*

Petitioner is in custody serving a sentence of life without parole by virtue of his 1991 murder conviction in the Fifth Judicial District Court, Richland Parish. On October 19, 2009 he filed a pro se petition for writ of habeas corpus in this court attacking that conviction on the grounds that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On February 16, 2010, the petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). See Dwayne J. Hill v. Warden Steve Rader, Civil Action No. 3:09-cv-1819 at Docs. 1 (petition), 2 (report and recommendation), 5 (ruling), 6 (judgment) and 10 (denial of certificate of appealability (COA) by the trial court). A COA was thereafter denied by the United States Fifth Circuit Court of Appeals. *Dwayne J. Hill v. Warden*

*Steve Rader*, No. 10-30204.

As noted above, in November, 2014, petitioner filed the instant petition for habeas corpus in this court, and, an application for leave to file a second and successive habeas petition in the United States Fifth Circuit Court of Appeals. The pleadings filed here and in the Court of Appeals are virtually identical. On February 20, 2015, the Fifth Circuit Court of Appeals denied authorization to file a successive Section 2254 application. *See In re; Dwayne J. Hill*, No. 14-31343.

## *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner was denied permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, March 23, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**